19-3939
Remy v. Barr

BIA
Leonard, IJ
A023 725 667

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand twenty.

PRESENT:
　　　　PETER W. HALL,
　　　　JOSEPH F. BIANCO,
　　　　WILLIAM J. NARDINI,
　　　　　　*Circuit Judges.*

_____

ANTONIO ESPINOZA REMY,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　　19-3939
　　　　　　　　　　　　　　　　　　　　　NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　　Robert F. Graziano, Buffalo, NY.

FOR RESPONDENT:　　　　Ethan P. Davis, Acting Assistant Attorney General; Sabatino F. Leo, Senior Litigation Counsel; Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Antonio Espinoza Remy, a native and citizen of Nicaragua, seeks review of an October 24, 2019, decision of an Immigration Judge ("IJ") affirming an asylum officer's negative reasonable fear determination. *In re Antonio Espinoza Remy,* No. A023 725 667 (Immig. Ct. Batavia Oct. 24, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

The sole issue before this Court is whether the IJ erred in affirming an asylum officer's determination that Remy did not establish a reasonable fear of persecution or torture in Nicaragua. The standard of review applicable to a reasonable fear determination is an open question in this Court. Other circuits have held that the usual standards applicable to review of removal proceedings apply or have applied those standards without discussion. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 835–36 (9th Cir. 2016); *see also Lara-Nieto v. Barr*, 945 F.3d 1054, 1060 (8th Cir. 2019) (declining to reach issue because petition failed under standard more favorable to petitioner); *Hernandez-Aquino v. Barr*, 770 F. App'x 88, 88

2

n.2 (4th Cir. 2019) (same); *Telles v. Lynch,* 639 F. App'x 658, 662 (1st Cir. 2016) (same). The Government asserts that we should apply a more deferential "facially legitimate and bona fide reason" standard. We need not resolve that issue here because Remy's petition fails even under the more generous standards. *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and question of law and application of law to fact de novo). As the asylum officer and IJ concluded, Remy did not establish a nexus to a protected ground or a reasonable fear of torture.

## A. Withholding of Removal

In order to demonstrate eligibility for withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Matter of J-B-N- and S-M-*, 24 I. & N. Dec. 208, 211 (B.I.A. 2007); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 346-48 (B.I.A. 2010). To constitute a particular social group, a group must be: "(1) composed of members who share a common immutable characteristic, (2)

3

defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72–74 (2d Cir. 2007). There may be "more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks and citations omitted).

Remy failed to provide any evidence of a nexus. Remy speculated that police officers searched for him in 1993 when he was deported from the United States because he had opposed joining the military ten years earlier when he was twelve years old. But Remy did not assert that the police officers threatened him or said anything to make him believe they were searching for him due to his prior opposition to recruitment into the military, and he testified that the police look for everyone who returns to Nicaragua. He thus did not demonstrate that his political opinion or membership in a social group of individuals opposed to joining the military was a reason that he was sought by the police. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *see also id*. § 1231(b)(3)(A).

### B. CAT

Substantial evidence also supports the IJ's finding that

4

Remy had not established a reasonable fear of torture. An applicant for CAT relief must show that "it is more likely than not" that he will be tortured but need not show any connection to a protected ground. *See* 8 C.F.R. § 1208.16(c)(2); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). In assessing the likelihood of torture, "all evidence relevant to the possibility of future torture shall be considered, including, but not limited to . . . [e]vidence of past torture," the possibility of relocation within the country, "[e]vidence of gross, flagrant or mass violations of human rights . . . and . . . relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3).

There is insufficient evidence to support Remy's fear of torture. *See* 8 C.F.R. § 1208.18(a)(1). The only evidence is a State Department report noting widespread corruption, torture of some detainees, and government sanctioned violence against citizens who engaged in civic actions or opposition

5

to the government. The report did not discuss the treatment of individuals who opposed joining the military decades earlier or of returning deportees. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (requiring evidence "that someone in [petitioner's] particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)); *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim). Additionally, Remy testified that the police looked for him only for one week in 1993 and he was able to stay at his mother's and her friends' farm for approximately six months without harm, and thus had no evidence that he was likely to suffer any harm, much less harm rising to the level of torture. While he testified that he fears retaliation, he did not provide any testimony or country conditions evidence to show that deportees are targeted or that the Nicaraguan government is targeting people who opposed joining the military as children in the 1980s.

We do not reach Remy's allegation that he may suffer economic persecution because he did not raise that issue before either the asylum officer or the IJ. *See Lin Zhong*

6

*v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (judicial review is limited to "those issues that formed the basis for [the agency's] decision").

For the foregoing reasons, the petition for review is DENIED.  The temporary stay of removal previously granted is VACATED and Petitioner's motion for a stay of removal and the Government's motions to expedite are DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
